UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON


CIVIL ACTION NO. 07-45-KSF

CONNIE OAKS                                                                              PLAINTIFF


V.                                          **OPINION & ORDER**


WILEY SANDERS TRUCK LINES, INC.                                    DEFENDANTS
and JEFFREY D. OTT

* * * * * * * * * * * * *

This matter is before the Court on the motion of the defendants, Wiley Sanders Truck Lines, Inc. ("Wiley Sanders") and Jeffrey Ott ("Ott") (collectively, the "Defendants"), for partial summary judgement on plaintiff's claim for punitive damages, as well as the Defendants' motion for partial summary judgement on plaintiff's claims for negligent hiring, training, supervision, retention and entrustment.  This court, having reviewed the record and being otherwise sufficiently advised will GRANT the motion for partial summary judgment on the plaintiff's punitive damages claim and will DENY the motion for partial summary judgment on the plaintiff's negligent hiring, training, supervision, retention and entrustment claims.

I.      **FACTUAL BACKGROUND**

On December 7, 2006, Ott was driving a commercial semi-tractor trailer owned by Wiley Sanders east on U.S. 150.  As he approached the intersection of U.S. 150 and Highway 127, due to high winds blowing the traffic light casing, Ott was unable to see whether the light was green or red. Traveling approximately 40 miles per hour, Ott proceeded through the intersection colliding with the left side of a 1995 Dodge Stratus driven by the plaintiff, Connie Oaks.  Ms. Oaks had a green

light and Mr. Ott had a red light.  The speed limit in the area is 55 miles per hour.  The parties do not dispute liability for the collision.  At the time of the accident, Ott had been employed by Wiley Sanders for approximately five and one-half months.  Ott possessed a valid Commercial Driver's License and completed Wiley Sanders's ten-week training program.  Ott began driving solo in September 2006.  Approximately five days after he began driving solo, while in Ohio, Ott was cited for driving 17 miles over the speed limit.  Wiley Sanders was aware of the violation and documented it in their records.  The plaintiff filed suit against Defendants in the circuit court of Lincoln County, Kentucky.  Defendants removed the action to federal court based on diversity jurisdiction.

## II.   LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that

"there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

## III.    ANALYSIS

### A.    Punitive Damages

The plaintiff claims that she is entitled to punitive damages because the conduct of Ott constituted gross negligence. Defendants challenge plaintiff's claim for punitive damages arguing that although Ott's conduct was negligent, it was not grossly negligent so as to warrant punitive damages.

Punitive damages are available under Kentucky law if a plaintiff proves by clear and convincing evidence that a defendant acted with oppression, fraud or malice. Ky. Rev. Stat. Ann. § 411.184(2). In addition, punitive damages may be awarded where "gross negligence" is shown. *Williams v. Wilson*, 972 S.W.2d 260, 262-65 (Ky. 1998). In Kentucky, the "prevailing understanding" defines gross negligence as a "'wanton or reckless disregard for the safety of other persons.' It is not necessary that the jury find the defendant to have acted with express malice; rather, it is possible that a certain course of conduct can be so outrageous that malice can be implied from the facts of the situation." *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. App. 2004) (citation omitted). The United States Supreme Court has explained: "A defendant's dissimilar acts,

independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003).

Defendants have admitted that Ott was negligent in failing to stop at the light and striking plaintiff's vehicle. It is undisputed that Ott was not intoxicated, was not speeding and his truck was not overloaded, and he was driving his truck safely immediately before the accident occurred. To support her claim for punitive damages, plaintiff alleges that Ott sped up as he entered the intersection instead of slowing down or stopping even though he could not see the color of the traffic signal. Further, the plaintiff alleges that Ott had a history of traffic law violations,[1] an unprofessional and unsafe attitude toward his job as a tractor-trailer truck driver. Even assuming all the facts as true, the court finds that a reasonable jury could not find that such behavior constituted a "wanton or reckless" disregard for the safety of others.

Several courts have considered whether a driver's conduct constituted ordinary negligence or gross negligence. In *Turner v. Werner Enter., Inc.*, 442 F. Supp. 2d 384 (E.D. Ky. 2006), the court found that the defendant, a tractor-trailer driver, was not grossly negligent when, despite being sleepy, he decided to try to drive to the next truck stop, fell asleep and struck a pickup truck. The driver was not speeding, was in the proper lane and was not intoxicated. Similarly, in *Embry v. Geo Transp. of Indiana*, 478 F. Supp. 2d 914 (E.D. Ky. 2007), the court found that a tractor-trailer driver

---

[1] To support her claim of punitive damages, the plaintiff also presents evidence that Ott was convicted on domestic violence and harassment charges. This information is wholly irrelevant to this case. It is reminiscent of the Supreme Court's caution against attempted to base a punitive damage award on conduct that depicts the defendant as an "unsavory" individual rather than the conduct that harmed the plaintiff. *See State Farm*, 538 U.S. at 423.

4

committed no more than ordinary negligence when he struck a car after having a coughing fit.  *See also Kinney*, 131 S.W.3d 357 (holding that defendant driver's conduct of speeding and attempting to pass another car on a two-lane road in a no-passing zone did not constitute gross negligence).

Here, the court concludes that as a matter of law, Ott's conduct does not rise to the level of gross negligence so as to support an award of punitive damages under Kentucky law as set forth above.  As in *Embry*, to permit an award of punitive damages here based on the mere negligent act of running a red light would render meaningless the distinction between ordinary and gross negligence and make almost any negligent act committed while driving a basis for the imposition of punitive damages.  Such a result would run contrary to the specific yet limited purposes that punitive damages are meant to serve.  Thus, the court will grant Defendants' motion for partial summary judgment on the plaintiff's claim for punitive damages and will dismiss the claim with prejudice.

The plaintiff also requests punitive damages against Wiley Sanders for Ott's conduct.  Even if the plaintiff presented sufficient proof to warrant punitive damages against Ott, she would be unable to recover punitive damages against Wiley Sanders as a result of Ott's conduct. Under Kentucky law, punitive damages cannot "be assessed against a principal or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question."  KRS 411.184(3).  Kentucky courts applying this statute have authorized punitive damages only when the employer was aware that the employee had previously engaged in similar unacceptable behavior or when the employer condoned the wrongful action taken by the employee. *See Kentucky Farm Bureau Mutual Insurance Co. v. Troxell*, 959 S.W. 2d 82, 85-86 (Ky. 1997) (allowing punitive damages instruction against the insurance company when the

5

insurance company was aware that claims adjuster had previously used unacceptable methods for handling claims and knew a pattern of unacceptable behavior practiced by the agent) and *Kroger Co. v. Willgrober*, 920 S.W. 2d 61, 68 (Ky. 1996) (overturning decision to disallow punitive damages instruction because the evidence "left no doubt" that Kroger had authorized the carrier to conduct surveillance as part of a company effort to deny the employee disability benefits).

Even if Ott was not driving his truck safely, the plaintiff has not introduced evidence to prove that Wiley Sanders condoned unsafe driving. In addition, the plaintiff has not presented evidence that Wiley Sanders should have anticipated the accident. A single prior speeding violation and other traffic violations over a 15-year period does not show that Wiley Sanders could reasonably have expected that Ott would run a red light causing this accident. Thus, the plaintiff is precluded from recovering punitive damages against Wiley Sanders based on Ott's conduct.

**B.     Negligent Hiring, Training, Retention and Supervision, and Negligent Entrustment**

The plaintiff claims that Wiley Sanders negligently hired, trained, retained and supervised Ott and negligently entrusted Ott with the tractor-trailer. Kentucky courts have held that an owner of an automobile who entrusts that automobile to an incompetent driver, is liable if he knows, or under the facts known to him in the exercise of ordinary care should know, that the person driving the car is incompetent to drive it. *Owensboro Undertaking & Livery Ass'n v. Henderson*, 115 S.W.2d 563, 564 (Ky. 1938). The Kentucky Court of Appeals recognized the tort of negligent hiring and retention in *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438 (Ky. Ct. App. 1998). The court noted: "An employer can be held liable when its failure to exercise ordinary care in hiring or retaining employee creates a foreseeable risk of harm to a third person." *Id.* At 442. Courts evaluate whether

6

the employer knew, or should have known, that (1) the employee in question was unfit for the job for which he or she was employed, and (2) the employee's "placement or retention" in that job created an unreasonable risk of harm to a third party. *Id.*

As an initial matter, Defendants argue that the plaintiff's state and common law claims are preempted by the Federal Motor Carrier Safety Administration regulations because those regulations establish the qualifications of a commercial driver. State laws regarding the same subject matter as statutes enacted by Congress may be preempted by express statutory terms. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977). If the federal statute does not contain express preemptive language, Congress's intent to preempt all state law in a particular area may be inferred where the scheme of federal regulation is sufficiently complete to reasonably support the inference that Congress left no room for supplemental state regulation. *See Hillsborough County v. Automated Med. Lab. Inc.*, 471 U.S. 707, 713 (1985). The Federal Motor Carrier Safety Administration regulations are derived primarily from two statutes, 49 U.S.C. § 3102(b)(1) and 49 U.S.C. § 2505. These statutes do not expressly preempt state law nor do they evince an intent to occupy the field completely. Thus, the plaintiff's state and common law claims are not preempted.

Defendants also argue that Ott met the standards set by plaintiff's expert witness for a competent and safe commercial vehicle driver and that his action of running a red light was not foreseeable. In her response, the plaintiff argues that a jury question exists as to whether "an ordinarily prudent corporation would have (1) hired Ott, (2) provided him with the actual ten-week training he was supposed to have received, and (3) terminated him upon committing a serious moving violation within five days of driving solo by himself." To support this argument, the plaintiff lists various factual allegations and points to the opinion of her identified expert, Walt

7

Guntharp. The plaintiff also argues that the risk of such an accident was foreseeable given Ott's past driving record, inexperience and lack of training. Taking all of the plaintiff's allegations as true, a jury could determine that Ott was unfit for the job of a truck driver due to his inexperience and past driving record and that it was foreseeable to Wiley Sanders that an inexperienced driver such as Ott would cause an accident such as the one in this case. Thus, the court will deny the motion for partial summary judgment on the plaintiff's claims for negligent hiring, retention and supervision and for negligent entrustment.

## IV.     CONCLUSION

Accordingly, **IT IS ORDERED**, that Defendants' motion for partial summary judgment on plaintiff's claim for punitive damages [DE #39] is **GRANTED**. The plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment on plaintiff's claim for negligent hiring, training, supervision, retention and entrustment [DE # 38] is **DENIED**.

This 22nd day of July, 2008.



**Signed By:**

**_Karl S. Forester_**   K S F

**United States Senior Judge**