UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 07-45-KSF

CONNIE OAKS                                                                                                PLAINTIFF

V.                                              **OPINION & ORDER**

WILEY SANDERS TRUCK LINES, INC.                                               DEFENDANTS
and JEFFREY D. OTT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendants, Wiley Sanders Truck Lines, Inc. ("Wiley Sanders") and Jeffrey Ott ("Ott") (collectively, the "Defendants"), to bifurcate the claim of negligent hiring, training, retention, supervision and entrustment against Wiley Sanders from the damages trial against Ott. This court, having reviewed the record and being otherwise sufficiently advised will DENY the motion to bifurcate.

I.   FACTUAL BACKGROUND

This case involves a collision between a commercial semi-tractor trailer owned by Wiley Sanders which was driven by Ott. In addition to her negligence claim against Ott and the connected vicarious liability claim against Wiley Sanders, Plaintiff's complaint alleges that Wiley Sanders negligently hired, trained, retained and supervised Ott. Defendants do not dispute liability for the collision but Wiley Sanders disputes liability for the negligent hiring, training, retention, supervision and entrustment claim. Defendants filed this motion to bifurcate the claim of negligent hiring etc. against Wiley Sanders from the damages trial against Ott

II.   ANALYSIS

Defendants argue that bifurcation pursuant to Federal Rule of Civil Procedure 42(d) is

necessary in order to decrease the possible prejudice to Ott from inserting the issue of his prior bad acts into the damages claim and would serve the interests of efficiently resolving the claims while avoiding prejudice to Plaintiff.

Rule 42(d) states: "The court, in furtherance of expedition and economy, may order a separate trail of any claim." In addition to speed and economy, the convenience of the parties and the avoidance of prejudice are important factors. *See In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir. 1982). The aim and purpose of Rule 42(d) is summarized in Federal Practice and Procedure as follows:

> The provision for separate trials in Rule 42(d) is intended to further convenience, avoid delay and prejudice, and serve the ends of justice. It is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties. The piecemeal trial of separate issues in a single suit or the repetitive trial of the same issue in severed claims is not to be the usual course. Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule.

Wright and Miller, *Federal Practice and Procedure* § 2238 (2d ed. 1995). The Rule places the decision to bifurcate within the discretion of the court, which is dependent on the facts and circumstances of each case. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). Bifurcation is appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue. *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996).

The Defendants argue that the evidence necessary to support the claim of negligent hiring, etc. against Wiley Sanders will necessarily include the prior bad acts of Ott which would unfairly prejudice Ott and his employer. Specifically, Defendants assert that Plaintiff will present evidence of a license suspension, seatbelt citation and speeding ticket to show that Wiley Sanders was negligent in the hiring of Ott. Defendants compare the negligent hiring, etc. claim to an insurance

bad faith claim, arguing that both instances involve alternative grounds on which to base a defendant's liability for a plaintiff's claimed damages which entail the introduction of evidence that would be prejudicial in a joint proceeding.

Plaintiff responds with two arguments against bifurcation. First, Plaintiff argues that bifurcation will likely result in inconsistent verdicts because one jury would not be able to apportion "the percentage of total fault of all the parties." Plaintiff argues that this is especially important because she says Defendants retain their comparative negligence defense that Plaintiff contributed to the collision. In their Reply Brief, Defendants state that they do not intend to introduce evidence of Plaintiff's negligence and accept liability for the accident. Thus, this argument is without merit. Second, Plaintiff argues that a limiting instruction can cure any potential prejudice to the Defendants. This court agrees. Further, unlike a bad faith insurance claim, litigation of the issue of damages will not resolve the allegations of negligent hiring, etc.

The court finds that bifurcating these proceedings will not preserve judicial economy, will have little effect on the parties in such a short trial and is unnecessary to avoid prejudice because a limiting instruction can cure any potential prejudice. Therefore, the court will deny Defendants' motion to bifurcate.

IV.   **CONCLUSION**

Accordingly, **IT IS ORDERED**, that Defendants' motion to bifurcate is **DENIED**.

This 4th day of September, 2008.

Signed By:

*Karl S. Forester* 

**United States Senior Judge**